UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Danielle Scala,

                                Plaintiff,

              -against-

Little Feet Childcare Center LLC, Scott Roveto,

                              Defendants.
------------------------------------------------------------------X

23-cv-9279 (KMK) (VR)

**OPINION AND ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

### I. INTRODUCTION & BACKGROUND

By letter motion, Keith Gutstein and Amanda Varrone of Kaufman Dolowich LLP, counsel for Defendants Little Feet Childcare Center LLC and Scott Roveto, move to withdraw as counsel, and for leave to file their letter motion to withdraw under seal. (ECF Nos. 28, 29). The letter motion to withdraw was filed ex parte and under seal and sets forth counsels' reasons for their request. (ECF No. 29). Plaintiff does not oppose the seal request. (*See* ECF No. 31). Finally, counsel request a 30-day stay of proceedings to give Defendants a chance to retain new counsel. For the below reasons, counsels' letter motions to withdraw as counsel, to seal their request, and to stay the proceedings for 30 days are **GRANTED**.

### II. DISCUSSION

#### A. Letter Motion to Seal

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution," *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022), and is secured by the First Amendment, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). A "judicial document" is "a filed item that is relevant to the performance of the judicial function and useful in the judicial

process." *Bernstein*, 814 F.3d at 139 (internal quotation marks omitted). To overcome the presumption of public access, the court must make "specific, on-the-record findings" for each individual document that sealing (1) "is necessary to preserve higher values," and (2) "is narrowly tailored to achieve that aim." *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019).

Courts in this district routinely allow documents in support of motions to withdraw as counsel to be filed ex parte and under seal where necessary to preserve the higher values of confidentiality of the attorney-client relationship between a party and its counsel. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 125 (2d Cir. 2006) (concluding that "attorney-client privilege might well be . . . a compelling reason" to maintain documents under seal); *see, e.g.*, *Vick ex rel. Vinco Ventures, Inc. v. Hudson Bay Master Fund Ltd.*, No. 24-cv-446, 2024 WL 967773, at *1 (S.D.N.Y. Mar. 4, 2024) ("[D]ocuments filed in connection with a motion to withdraw are typically filed *in camera* or under seal."); *Luxwear Ltd. v. Adaptiv Rsch. & Dev. Grp.*, No. 22-cv-5458, 2023 WL 3010397, at *1 (S.D.N.Y. Mar. 28, 2023) ("[D]ocuments in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel.") (emphasis omitted). But "opposing counsel are entitled to know the basis for the motion" to withdraw, which the Court discusses briefly below. *Luxwear*, 2023 WL 3010397, at *1; *see also Team Obsolete, Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 164 (E.D.N.Y. 2006) ("The plaintiffs are hereby informed, however, as the relevant case law indicates they should be, that the basis for [counsel's] motion to withdraw is a dispute regarding [defendant's] failure to pay its legal bills."). Thus, the request to seal is **GRANTED**.

    B. <u>**Letter Motion to Withdraw as Counsel**</u>

Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the

Southern and Eastern District of New York provides the requirements for withdrawing as counsel of record:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Loc. Civ. R. 1.4 (2021);[1] *see, e.g.*, *PWV Consultants LLC v. Chebil Realty LLC*, No. 20-cv-9030, 2022 WL 20527354, at *2 (S.D.N.Y. Oct. 18, 2022).

Satisfactory reasons for withdrawal include "the client's failure to pay legal fees, a client's lack of cooperation—including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client." *PWV Consultants*, 2022 WL 20527354, at *2 (internal quotation marks omitted); *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (same). "A court may also consider whether the motion is opposed," *PWV Consultants*, 2022 WL 20527354, at *2, or whether "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel," *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (per curiam) (alteration omitted). "Ultimately, the decision whether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court." *PWV Consultants*, 2022 WL 20527354, at *2 (alteration and internal quotation marks omitted).

Here, the Court finds that Defendants' counsel may withdraw from representation in this case. Counsel have sufficiently shown that Defendants cannot pay their legal fees (ECF No. 29),

---

[1] Local Civil Rule 1.4 was amended, effective July 1, 2024. *See* Loc. Civ. R. 1.4 (2024). But because the request to withdraw was filed on June 24, 2024, and Plaintiff's response was due on July 2, 2024, the 2021 version of Local Civil Rule 1.4 governs here. *See* Loc. Civ. R. 1.1 (2024) ("These Local Civil Rules take effect on July 1, 2024 (the 'Effective Date') and govern actions pending or filed on or after that date. For actions pending on the Effective Date, if fewer than 14 days remain to perform an action governed by these Rules, the provisions of the previous Local Rules effective on June 30, 2024 will govern.").

which provides a "satisfactory reason" for withdrawal.  *See, e.g.*, *Bldg. Serv. 32BJ Pension Fund v. Whitehouse Ests., Inc.*, No. 23-cv-7286, 2024 U.S. Dist. LEXIS 48511, at *2 (S.D.N.Y. Mar. 18, 2024) ("It is well established that a client's refusal or inability to pay its legal bills is a sufficient reason to permit counsel's withdrawal.") (collecting cases).  Nor does Plaintiff oppose Defendants' counsels' request to withdraw.  (*See* ECF No. 31).  This case is also still in discovery.  "Thus, while withdrawal will impact the timing of this proceeding, this impact will not be so disruptive to warrant denial of the motion."  *Bldg. Serv. 32BJ Pension Fund*, 2024 U.S. Dist. LEXIS 48511, at *2; *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-cv-6469, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) (explaining that where discovery has not yet closed and the case is not "on the verge of trial readiness," courts are unlikely to find that withdrawal will unduly impact the timing of the proceeding).

Thus, the Court finds that Defendants' counsel may withdraw from representation.  But in accordance with Local Civil Rule 1.4, Defendants' counsel are directed to submit a letter, within seven days of the date of this Opinion and Order, explaining whether they are asserting a retaining or charging lien, and confirming that their application to withdraw has been served on their clients.

C.  **Stay of Proceedings and Next Steps**

Counsel for Defendants request that the Court stay the action for 30 days to give Defendants a chance to find new counsel.  (ECF No. 28 at 2).  This request is **GRANTED**.

But the parties are reminded that, under the parties' Case Management Plan and Scheduling Order, the ultimate discovery deadline is September 6, 2024.  (ECF No. 17 at 2).  Further, under Paragraph 15 of the parties' Case Management Plan and Scheduling Order, the undersigned may not extend the ultimate discovery deadline beyond September 6, 2024; that

4

request must be addressed to Judge Karas. (*Id.* at 4). Thus, any request for an extension of discovery should be addressed to Judge Karas and set forth good cause and the circumstances requiring an extension.

Finally, Defendants are hereby **ORDERED** to submit a letter, by no later than **August 9, 2024**, providing the Court with an update on whether they have retained new counsel.

### III.  CONCLUSION

For the above reasons, the letter motion to seal the request to withdraw as counsel is **GRANTED**. ECF No. 29 was filed ex parte and under seal. The Clerk of Court is respectfully directed to maintain ECF No. 29 under seal and accessible ex parte.

Further, for the above reasons, the letter motion to withdraw as counsel is **GRANTED**, as long as counsel submits a letter, within seven days, explaining whether they are asserting a retaining or charging lien, and confirming that their application to withdraw has been served on their clients.

Finally, the request to stay the action for 30 days to allow Defendants an opportunity to retain new counsel is **GRANTED**.

The Clerk of Court is respectfully directed to terminate the letter motions at ECF Nos. 28 and 29.

**SO ORDERED.**

DATED:   New York, New York
         July 9, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge